UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID S. HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-287-HBG |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 17]. Now before the Court is the Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 12 & 13] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 14 & 15]. David S. Hughes ("Hughes") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Acting Commissioner of Social Security ("the Commissioner").

Hughes filed for Disability Insurance Benefits in January, 2013. The application was denied, and denied again on reconsideration. Following a hearing, the ALJ entered an unfavorable decision ("the Decision") on June 23, 2015 (Tr. 24-35). The Decision became final when the Appeals Council denied review in April, 2016 (Tr. 1-3).

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

## I. BACKGROUND

Hughes was 45 years of age when the ALJ issued the Decision in this case (Tr. 34). Hughes graduated from high school and he attended two years of college (Tr. 177). His past relevant work experience is a physical therapy assistant (Tr. 49-50). Hughes alleges an onset of disability in April, 2012, as the result of an automobile accident in which he sustained multiple fractures and other injuries. The Plaintiff alleges disability based on physical problems, pain and cognitive impairments.

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Secretary of Health & Human Servs.,* 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a

different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

## III. ANALYSIS

As a threshold matter, Hughes argues that the Appeals Council erred by failing to review Plaintiff's application for benefits following the submission of new and material evidence. The Defendant argues that Hughes has failed to meet his burden of showing that the new evidence is material.

Hughes submitted a request for review to the Appeals Council on July 7, 2015 (Tr. 12-20). He submitted new evidence in support of his appeal on October 30, 2015 in the form of a

Vocational Report from Mark Boatner dated October 8, 2015.

In summary, Boatner opined that there were no jobs available that Hughes would be capable of performing with the RFC given by the ALJ. Specifically, he stated,

> No, there are not any jobs at the unskilled sedentary level where use of either or both of the upper extremities are rated or actually performed at the occasional level. As I have noted above, many of the unskilled activities indicated in these SVP 2, unskilled sedentary job titles are either done through integration into composite office occupation, internet automation, or simply no longer exist in the modern economy. I believe this is a trend that will not only continue but will be more evident to everyone in the business community as well as to software developers currently working on updates to the venerable DOT, the ongoing O*NET software and perhaps other proprietary software such as is used in the insurance industry in regards to STD and LTD claims.

(Tr. 218).

Boatner stated that, "Sedentary work requires good dexterity in both hands. Because of the limitations on [Hughes's] left hand he would be unable to perform sedentary work at a competitive level," (Tr. 218). Mr. Boatner stated,

> I agree with Dr. Caldwell's statement based on SSR 96-9p as well as over 3 decades in professional practice as a Vocational Rehabilitation Counselor and over 19 years as a Contract Vocational Expert with ODAR. All of the unskilled sedentary strength rated jobs do require good use of both hands as a dominant and a subordinate contributor to achieving the work product of a specific job.

(Tr. 218-219)

The Appeals Council declined to review the ALJ's decision by letter dated April 26, 2016 (Tr. 1-6). The Appeals Council stated,

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of the Appeals Council. We considered whether the Administrative
4

> Law Judge's action, finding, or conclusion is contrary to the weight of evidence of record.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 2). The Appeals Council listed Boatner's report in the AC Exhibit List, but did not otherwise address the newly presented evidence (Tr. 4).

The rule in the Sixth Circuit is as follows:

> Where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision. The district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding.

*Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

The parties are in agreement that in order for a remand to be appropriate, Hughes must show that Boatner's vocational report is material and that there was good cause for not presenting it at the hearing in front of the ALJ. New evidence is material if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). To establish "good cause," Hughes "must give a valid reason for failing to obtain relevant examinations prior to the hearing." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993).

The Court finds that Boatner's opinions are material. Boatner opined that sedentary work requires good dexterity in both hands, and that because of the limitations on his left hand, Hughes would be unable to perform sedentary work at a competitive level. Boatner further opined that "there are not any jobs at the unskilled sedentary level where use of either or both of the upper

5

extremities are rated or actually performed at the occasional level" (Tr. 218).  The Plaintiff argues, and the Court agrees, that Boatner's report could have been independently relied upon by the Appeals Council to come to the conclusion that there were no jobs available under the ALJ's RFC.  Had the Appeals Council adopted this opinion in conjunction with the ALJ's RFC assessment, they would have reached a finding of disabled.  The Court finds the report material.

In this case, good cause is present because Boatner's report was not in existence at the time of the decision and was specifically requested to address the ALJ's reliance on Dr. Flynn's allegedly invalid testimony.  Therefore, Boatner's report could not have existed prior to the ALJ's decision.

Therefore, Boatner's vocational report was submitted after the hearing with good cause, is new, and is material to the issue of whether Dr. Flynn's testimony is valid.  Because the Appeals Council declined to review Hughes's case despite the submission of new and material evidence, the Commissioner's decision must be reversed and remanded.

## IV. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED** that the Plaintiff's Motion for Judgment On The Pleadings [**Doc. 12**] is **GRANTED IN PART**, and the Commissioner's Motion for Summary Judgment [**Doc. 14**] be **DENIED.**  This case shall be remanded for further proceedings, specifically, a consideration of the Boatner report.

ORDER ACCORDINGLY.

ENTER:

*Bruce Guyton*
United States Magistrate Judge